IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

JOHNNIE KENON,                    :
                                  :
        Petitioner,               :
                                  :
                                  :
VS.                               :        **1:12-CR-13-001 (WLS)**
                                  :        28 U.S.C. § 2255
                                  :        **1:15-CV-61 (WLS)**
UNITED STATES OF AMERICA,         :
                                  :
        Respondent.               :
_____:

## RECOMMENDATION

Presently pending is Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. (Doc. 300).

### Procedural History

Petitioner was indicted in a Superseding Indictment in this Court on July 11, 2012. (Doc. 28). The superseding indictment charged Petitioner with one count of conspiracy to possess with intent to distribute cocaine. (Doc. 28). Attorney Jason Moon represented Petitioner. (Doc. 193). On March 19, 2013, Petitioner entered into a Plea Agreement with the government and pleaded guilty to Count One of the Superseding Indictment. (Docs. 234, 266). Petitioner was sentenced to a total term of imprisonment of 294 months, followed by five years of supervised release. (Docs. 254-55).

Petitioner filed a Notice of Appeal on July 9, 2013. (Doc. 256). On March 24, 2014, the Eleventh Circuit Court of Appeals affirmed Petitioner's conviction and sentence, and granted Mr. Moon's motion to withdraw from further representation in accordance with *Anders v. California*, 386 U.S. 738 (1967). (Docs. 291, 294).

Petitioner filed this Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 on March 20, 2015. (Doc. 300). After an initial review pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court ordered the United States Attorney to file an Answer or other responsive pleading. (Doc. 301). The United States filed its response on April 13, 2015. (Doc. 302). Petitioner filed his Reply on May 4, 2015. (Doc. 306). On August 17, 2015, Petitioner filed a Motion to Amend his Motion to Vacate. (Doc. 318). The Court granted Petitioner's Motion to Amend. (Doc. 323).

The Court then appointed the Federal Defenders of the Middle District of Georgia to represent Petitioner. (Doc. 325). An evidentiary hearing was held on December 4, 2015. (Docs. 328, 330, 333). Petitioner filed his post-hearing brief on February 8, 2016. (Doc. 337). Respondent filed its post-hearing brief on February 19, 2016. (Doc. 338).

Petitioner asserts that he was denied effective assistance of counsel when defense counsel failed to challenge the use of Petitioner's 2003 conviction for trafficking in cocaine to classify Petitioner as a career offender. (Docs. 300, 300-1). Petitioner also asserts that the district judge erred by relying solely upon the facts as set forth in the Presentence investigation Report (PSI) when sentencing Petitioner as a career offender.[1]  (Doc. 318).

## Discussion

Section 2255 provides that:

> a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose

---

[1] Petitioner raised this ground in his Motion to Amend (Doc. 318), but counsel for Petitioner did not address this ground at the evidentiary hearing, or in his post-hearing brief. (Docs. 333, 337). However, for reasons explained below, the district judge did not err by relying on the facts deemed admitted by the PSI. *See infra* pp. 6-7.

> such sentence, or that the sentence was in excess of the maximum
> authorized by law, or is otherwise subject to collateral attack, may
> move the court which imposed the sentence to vacate, set aside or
> correct the sentence.

28 U.S.C. § 2255. If a prisoner's 2255 claim is found to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.*

Ineffective Assistance of Counsel Standard

In order to establish that his counsel's representation was constitutionally defective, the Petitioner must show (1) that his counsel's representation was deficient, and (2) that the Petitioner was prejudiced by his counsel's alleged deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Petitioner "bears the heavy burden of proving his ineffective-assistance-of-counsel claim by a preponderance of the evidence." *Ward v. Hall*, 592 F.3d 1144, 1163 (11th Cir. 2010).

To establish deficient performance, a Defendant must prove that his counsel's performance was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. *Chandler v. U.S.*, 218 F.3d 1305, 1313-14 (11th Cir. 2000). There is a strong presumption in place that the challenged action constituted sound trial strategy. *Chateloin v. Singletary*, 89 F.3d 749, 752 (11th Cir. 1996). As such, a court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (internal quotations omitted). In order to show that counsel's performance was unreasonable, a petitioner must show that no competent counsel would have taken the action in question. *Hall v. Thomas*, 611 F.3d 1259, 1290 (11th Cir. 2010).

To satisfy the prejudice prong, a petitioner must show that there is a reasonable probability

3

that, but for counsel's inadequate representation, the proceedings would have produced a different result. *Weeks v. Moore*, 216 F.3d 951, 960 (11th Cir. 2000). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

If a defendant fails to establish that he suffered prejudice as a consequence of the alleged ineffective assistance, a court need not address the performance prong of the *Strickland* test. *Holiday v. Halley*, 209 F.3d 1243, 1248 (11th Cir. 2000). The *Strickland* court stated that "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the Defendant as a result of the alleged deficiencies . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland*, 466 U.S. at 697.

<u>Failure of Defense Counsel to Object to the Use of Petitioner's 2003 Conviction to Classify Petitioner as a Career Offender</u>

Under the United States Sentencing Guidelines,

> [a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). The Sentencing Guidelines define a "controlled substance offense" as

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture , import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).

4

Petitioner argues that defense counsel rendered ineffective assistance during Petitioner's sentencing hearing, as defense counsel did not object to the use of Petitioner's 2003 conviction for trafficking in cocaine to classify Petitioner as a career offender. (Doc. 337). In 2003, Petitioner was convicted in Leon County, Florida under the following statute:

> Any person who knowingly sells, purchases, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine . . . or of any mixture containing cocaine, but less than 150 kilograms of cocaine in any such mixture, commits a felony of the first degree, which felony shall be known as 'trafficking in cocaine[ ]' . . . .

Fla. Stat. Ann. § 893.135(b)(1); (Doc. 337-1).

Petitioner asserts that the conduct giving rise to his 2003 Leon County conviction did not amount to a "controlled substance offense" under § 4B1.2(b) of the Sentencing Guidelines. (Doc. 337). Petitioner argues that his 2003 conviction involved **purchase** of cocaine which, in accordance with the Eleventh Circuit's holding in *United States v. Shannon*, is not considered to be a controlled substance offense under U.S.S.G. § 4B1.2(b). 631 F.3d 1187, 1190 (11th Cir. 2011) ("[B]ecause we assume that Roye's prior conviction involved no more than purchase with intent to distribute, and this act is not included in § 4B1.2(b)'s definition, his prior conviction was not a 'controlled substance offense.' As with Congress, we presume that the Sentencing Commission 'said what it meant and meant what it said.' And if it had meant to include the act of purchase (with intent to distribute) as a 'controlled substance offense,' it could have easily said as much.") (internal citations omitted).

Petitioner maintains that it is not clear which statutorily prohibited act Petitioner was convicted of in 2003, and thus the Court should find Petitioner's prior conviction was for purchase of cocaine. (Doc. 337, p. 9). "[W]here a court is unable to determine the statutorily prohibited act

for which a defendant previously was convicted under § 893.135(1)(b), it must be assumed the prior conviction involved only the purchase of a controlled substance, the least prohibited act under the statute." *Rodriguez v. U.S.*, 572 F. App'x 884, 887 (11th Cir. 2014).

In response, Respondent argues that the record shows Petitioner was convicted of possession of more than twenty-eight grams of cocaine, and the exception carved out by the *Shannon* court therefore does not apply to the present case. *See Pitts v. U.S.*, 2011 WL 5025097, at *3 n. 6 (S.D. Fla. Sept. 6, 2011) *report and recommendation adopted*, 2011 WL 5178336 (S.D. Fla. Oct. 21, 2011) ("The Florida conviction in *Shannon* did not qualify as a 'controlled substance offense' within the meaning of USSG § 4B1.1(b) because the statute under which the defendant was convicted prohibited the *purchase* of cocaine. In this case, the issue was whether there was sufficient evidence to conclude that movant's 2001 cocaine conviction was for possession of cocaine with intent to sell or deliver[.]").

The Court must now determine whether a review of the "*Shepard*" documents reveals which phrase of the Florida trafficking statute served as the basis for Petitioner's conviction. *Shepard v. United States*, 544 U.S. 13, 16 (2005). *Shepard* documents include the plea agreement, the colloquy between the judge and the defendant at the plea heading, and other comparable judicial record. *U.S. v. Ramirez-Flores*, 743 F.3d 816, 820 n.3 (11th Cir. 2014); *U.S. v. Duhaney*, 594 F. App'x 573, 576 (11th Cir. 2014) ("The *Shepard* documents include the charging document, a written plea agreement, the transcript of the plea colloquy, any explicit factual finding by the trial judge to which the defendant consented, or 'some comparable judicial record' of this information."). The Court is also permitted to use undisputed facts contained in a PSI to determine which element formed the basis of the prior conviction. *Ramirez-Flores*, 743 F.3d at 820.

Petitioner's PSI contains the following admitted facts as to Petitioner's 2003 conviction:

> law enforcement received information from a confidential source that the defendant possessed approximately four ounces of cocaine in his vehicle. The source also identified the defendant as a city employee, and officers located the defendant's vehicle in the parking lot utilized by employees of the local softball complex. A canine unit arrived at the scene, and the dog alerted to the driver's side door of the defendant's vehicle. Officers established contact with the defendant and asked him to report to the vehicle. Prior to his arrival, officers gained access to the vehicle and discovered approximately 139.4 grams of suspected powder cocaine beneath a floor mat. When the defendant arrived, he denied knowledge of the cocaine.

(Doc. 251, p. 10). Petitioner did not object to this paragraph of his PSI. (Docs. 249, 267). Petitioner is thus deemed to have admitted the facts of his prior conviction. *U.S. v. Bennett*, 472 F.3d 825, 833-34 (11th Cir. 2006). The district judge therefore did not err by relying on facts deemed admitted by Petitioner. Petitioner suggests that the factual summary in Petitioner's PSI could include the conclusion that Petitioner "had purchased the cocaine that was found in the vehicle, or simply possessed it. Indeed, the tip was that [Petitioner] was in possession of the cocaine, and nothing more." (Doc. 337, p. 8).

A review of the transcript of Petitioner's prior plea hearing shows that Petitioner testified he understood that he "had" more than twenty-eight grams of cocaine. (Doc. 332-1, p. 15). Petitioner's prior counsel explained during the 2003 plea hearing that phone calls were tapped and recorded "concerning delivery of narcotics," and the government used that information to locate the narcotics in a truck owned by Petitioner's girlfriend or family member. (Doc. 332-1, pp. 18-19).

The copies of the Leon County documents Petitioner filed with the Court are less instructive than the 2003 plea colloquy and the facts admitted through the 2013 PSI. (Doc. 337-1). The

7

charging Information does not indicate which phrase of the Florida trafficking statute served as the basis for Petitioner's conviction. (Doc. 337-1, p. 1). The Information merely reads that on December 23, 2003, Petitioner did unlawfully and knowingly "sell, purchase, manufacture, deliver, or was knowingly in actual or constructive possession of cocaine . . . ." *Id.* Similarly, the "plea and acknowledgement of rights" and the judgment simply indicate that Petitioner pleaded no contest to trafficking in cocaine. (Doc. 337-1, pp. 2, 4).

Respondent contends that these *Shepard* documents make clear that Petitioner **possessed** more than twenty-eight grams of cocaine, intent should be inferred, and Petitioner therefore was properly classified as a career offender under the Sentencing Guidelines. In Florida, the drug trafficking statute infers intent to distribute when the defendant **possesses** more than twenty-eight grams of cocaine. *U.S. v. Landaverde-Cruz*, 2015 WL 6123519, at *2 (11th Cir. Oct. 19, 2015) ("We explained that Florida's drug trafficking statute, like Georgia's, 'necessarily infers an intent to distribute once a defendant possesses 29 grams or more.'") (quoting *U.S. v. James*, 430 F.3d 1150, 1155 (11th Cir. 2005)). Under the exception set forth in *Shannon*, a court is not required to infer intent to distribute when the conduct was based on **purchase** of cocaine. 631 F.3d at 1190. Thus, mere purchase of more than twenty-eight grams of cocaine cannot serve as the basis of a career offender enhancement. 631 F.3d at 1190.

The Court herein finds that the *Shepard* documents relating to Petitioner's 2003 conviction show that Petitioner **possessed** more than twenty-eight grams of cocaine. The facts admitted in the PSI are that officers discovered approximately 139.4 grams of suspected powder cocaine beneath a floor mat in Petitioner's vehicle. Petitioner testified in 2003 that he "had" more than twenty-eight grams of cocaine. Petitioner "has alleged no facts to support his allegation that his § 893.135

conviction was for buying but not possessing cocaine. He further has not alleged any facts suggesting his counsel should have known he was convicted of buying but not possessing cocaine." *Rodriguez*, 572 F. App'x at 888. Here, nothing in the *Shepard* documents suggests that Petitioner's conviction involved buying cocaine, but not possessing it. *See Id.* In fact, the *Shepard* documents herein support a finding that Petitioner did, in fact, **possess** the cocaine. As Petitioner possessed more than twenty-eight grams of cocaine, the intent to distribute is inferred.

Thus, Petitioner's prior conviction for trafficking in cocaine (Doc. 251, pp. 8, 10) satisfied the definition of "controlled substance offense" under § 4B1.2(b). Petitioner cannot show that defense counsel acted deficiently in his failure to object to the use of Petitioner's prior conviction for the career offender enhancement. Nor can Petitioner show that he suffered prejudice as a result of defense counsel's failure to object to the use of Petitioner's 2003 conviction for trafficking in cocaine. Finally, Petitioner also failed to show that the district judge committed error when he considered the facts of Petitioner's 2003 conviction, as deemed admitted by the PSI.

### Conclusion

Petitioner has failed to demonstrate by a preponderance of the evidence that his attorney rendered ineffective assistance of counsel. Thus, the undersigned recommends that Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (Docs. 300, 318) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations, or seek an extension of time to file objections, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. The district judge shall make a de novo determination as to those portions of the Recommendation to which objection is made; all other portions of the Recommendation may be reviewed by the district judge for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party

failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order. If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

**SO RECOMMENDED**, this 8th day of March, 2016.

s/ *THOMAS Q. LANGSTAFF*
UNITED STATES MAGISTRATE JUDGE