IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| JOHNNIE KENON, : | |
| : | |
| Petitioner, : | |
| : | |
| v.  : | Case Nos.:  1:12-cr-13 (WLS) |
| : | 1:15-cv-61 (WLS) |
| UNITED STATES OF AMERICA, : | |
| : | |
| Respondent. : | |
| : | |

**ORDER**

Before the Court is a March 8, 2016 Recommendation from United States Magistrate Judge Thomas Q. Langstaff. (Doc. 339.) After conducting a hearing and reviewing the record and briefing, Judge Langstaff recommends denying Petitioner Johnnie Kenon's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct His Sentence (Doc. 300). Judge Langstaff noticed the Parties of the fourteen day deadline for filing objections to his recommendation. (Doc. 339 at 9-10.) After receiving an extension of the deadline, Kenon filed objections on April 8, 2016. (Doc. 342.) The Court now reviews the portions of Judge Langstaff's findings and conclusions to which Kenon objects *de novo*. 28 U.S.C. § 636(b)(1)(C).

Kenon's Motion to Vacate asserts two grounds for relief: (1) ineffective assistance of counsel based on his trial court counsel's failure to challenge the use of his 2005 conviction for trafficking cocaine to classify Kenon as a career offender, and (2) the Court's erroneous adoption of the facts set forth in the Presentence Investigation Report (PSI), an argument Kenon raised in his Motion to Amend his § 2255 Motion, which was granted by Judge Langstaff. (Docs. 300, 318 at 5-7.) In his objections, Kenon objects to Judge Langstaff's findings and conclusions. (Doc. 342.)

1

**I.     Factual Background**

In the above-styled criminal case, Kenon pleaded guilty to and was convicted of one count of conspiracy to possess with intent to distribute cocaine. Kenon was sentenced to 294 months imprisonment. At the sentencing hearing, the Court adopted the PSI, which found that Kenon was a career offender and applied a five-point enhancement under United States Sentencing Guidelines (U.S.S.G.) § 4B1.1(b)(1). One of the two prior offenses that the Court and the United States Probation Office found to be the basis for Kenon's career offender status was a 2005 Leon County, Florida conviction for Trafficking in Cocaine.[1] (Doc. 251 at 10.) That conviction was under Fla. Stat. Ann. § 893.135(b)(1), which reads,

> Any person who knowingly sells, purchases, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine . . . or of any mixture containing cocaine . . . commits a felony of the first degree, which felony shall be known as "trafficking in cocaine[]". . .

(Doc. 337-1 at 1.) The career offender enhancement at U.S.S.G. § 4B1.1(a) reads,

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Kenon does not contest that the first two elements of the "career offender" definition apply. Rather, Kenon challenges the third element by arguing that his 2005 Leon County conviction was not a "controlled substance offense." U.S.S.G. § 4B1.2(b) defines "controlled substance offense" as:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

---

[1] The Court notes that the Recommendation refers to this as the "2003 conviction," but since Kenon was not sentenced and the judgment was not entered against him until 2005, the undersigned will refer to it as the 2005 conviction.

2

## II. Whether the Court Erred in Adopting Paragraph 39 of the PSI as a Factual Finding

The Court first addresses Kenon's argument, raised only in his motion to vacate and the amendment thereto, that the Court erred in adopting paragraph 39 of the PSI without examining the underlying Leon County court records. (Docs. 300, 318 at 5-7.) At the time of sentencing, the only information in the record regarding Kenon's 2005 Leon County conviction was the summary of the factual predicate for that conviction at paragraph 39 of the PSI. (Doc. 251 at 10.) Kenon did not object to the factual description contained in paragraph 39 except to clarify that Kenon pleaded guilty to the 2005 Leon County offense as well as to the offenses described in paragraphs 41 and 42 at the advice of counsel because the sentences would be served concurrently. (Docs. 249 at 2; 333 at 22.) Kenon's sentencing attorney, Jason Moon, testified at the § 2255 evidentiary hearing that he reviewed each paragraph of the PSI with Kenon during an in-person meeting and that Kenon did not take issue with the factual summary contained in paragraph 39. (Doc. 333 at 10-13.) Furthermore, during his sentencing hearing, the undersigned asked Kenon if he had any additional objections that his attorney had not yet raised, and Kenon stated, "No, sir." (Doc. 267 at 3.)

Likewise, in his Motion to Vacate, the amendment thereto, post-hearing brief, and objections, Kenon does not contest the accuracy of paragraph 39. (*See* Docs. 300, 318, 337, 342.) The closest Kenon has come to challenging the accuracy of paragraph 39 is stating in the amendment to his Motion to Vacate:

> The defendant was never arrested for the cocaine officers allegedly found on December 23, 2003. Defendant was stopped by local police officers on January 14, 2004 and arrested for trafficking in cocaine. Counsel was ineffective for failure to investigate[] and object to the use of Kenon's prior conviction on trafficking of cocaine.

(Doc. 318 at 18.) This assertion is belied by the Leon County information, which was read aloud to Kenon at his plea hearing and which alleges that "[o]n December 23, 2003, [Kenon] did unlawfully and knowingly sell, purchase, manufacture, deliver, or was knowingly in actual or constructive possession of cocaine, a controlled substance defined in Section 893.03, contrary to Section 893.135, Florida Statutes." (Docs. 337-1 at 1; 332-1 at 1.) The record

3

supports that Kenon's 2005 Leon County conviction was based on the cocaine found on December 23, 2003.

Regardless, the fact remains that Kenon did not object to the factual summary contained in paragraph 39 at the time of sentencing. Kenon does not argue in his presently pending Motion to Vacate, as amended, and subsequent briefing that his counsel was ineffective for failing to object to the accuracy of paragraph 39. Rather, Kenon takes issue with the Court's adoption of paragraph 39 without reviewing the underlying Leon County record (Docs. 300-1 at 7, 318 at 5-7) and with the Court's finding that the crime, as it was described in paragraph 39, qualified as a "controlled substance offense" and thus triggered the career offender enhancement (Docs. 300-1, 318). The Court did not err in adopting paragraph 39 as factual findings where Kenon did not object to its accuracy. *United States v. Bennett*, 472 F.3d 825, 832 (11th Cir. 2006) ("A sentencing court's findings of fact may be based on undisputed statements in the PSI]."). Likewise, though Kenon argues the Government failed to introduce the underlying records of his 2005 Leon County conviction at sentencing (Docs. 300-1 at 7, 318 at 5-7), the Government would not have been required to do so unless Kenon had objected to paragraph 39's accuracy. *Bennett*, 472 F.3d at 832 ("Where a defendant objects to the factual basis of his sentence, the government has the burden of establishing the disputed fact.").

For those reasons, the Court finds that it did not err at sentencing in adopting paragraph 39 without further evidence of the 2005 Leon County conviction because Kenon did not object to paragraph 39. Furthermore, because Kenon does not argue in his Motion to Vacate, the amendment thereto, post-hearing brief, or objections that his counsel was ineffective for failing to object to the accuracy of paragraph 39, the Court finds no need to conduct further inquiry as to that issue. (*See* Docs. 300, 318, 337, 342.)

### III. Whether the Record Supported a Finding that the 2005 Leon County Conviction Was a "Controlled Substance Offense"

Judge Langstaff did not address the first prong of *Strickland v. Washington* because he found that Kenon's ineffective assistance claim failed on the second prong –the prejudice prong. (Doc. 339 at 4 (quoting *Strickland*, 466 U.S. 668, 697 (1984) ("If it is easier to dispose

4

of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed.").) For Kenon, the prejudice prong turns on whether his counsel's objecting to the career offender enhancement would have produced a different result in terms of his sentence. *Weeks v. Moore*, 216 F.3d 951, 960 (11th Cir. 2000). Judge Langstaff concluded it would not have because the record supported application of the enhancement. (*Id.* at 6.)

The Florida statute under which Kenon was convicted in 2005 includes both offenses that would qualify as career offender predicate offenses and offenses that would not. Fla. Stat. Ann. § 893.135(b)(1); U.S.S.G. § 4B1.2(b) (defining "controlled substance offense"). Where it is clear that the underlying conviction under Fla. Stat. Ann. § 893.135(b)(1) was for purchasing a controlled substance, a controlled substance offense as defined by § 4B1.2 has not been committed. *United States v. Shannon*, 631 F.3d 1187, 1189 (11th Cir. 2011). In *Shannon*, the Eleventh Circuit specifically considered whether a defendant with a conviction under Fla. Stat. Ann. § 893.135(b)(1) qualified as a career offender under U.S.S.G. § 4B1.1(a). *Id.* The Eleventh Circuit concluded that because the Florida statute "facially distinguishes purchase from actual or constructive possession," a district court cannot find that purchasing a distributable quantity of drugs necessarily gives rise to actual or constructive possession, satisfying U.S.S.G. § 4B1.2(b)'s plain language. 631 F.3d at 1189. Kenon argues that his 2005 conviction was either for simple possession without intent to distribute or for purchasing cocaine with intent to distribute, neither of which would qualify as a controlled substance offense for U.S.S.G. purposes. (*See generally* Docs. 300, 318, 337 at 8, 342.) The Government contends, and Judge Langstaff found, that Kenon's 2005 conviction was for possession of cocaine with intent to distribute. (Docs. 338, 339.)

Because Fla. Stat. Ann. § 893.135(b)(1) does not exclusively prohibit controlled substance offenses but also prohibits offenses that do not fall within U.S.S.G. § 4B1.2(b)'s definition of "controlled substance offense," Judge Langstaff utilized what is known as the modified categorical approach to determine whether Kenon's 2005 conviction was a controlled substance offense. *Descamps v. United States*, 133 S.Ct. 2276, 2281 (2013) (describing a "divisible statute" requiring the modified categorical approach as one that "sets out one or more elements of the offense in the alternative –for example, stating that burglary

5

involves entry into a building *or* an automobile").² Under the modified categorical approach, courts look beyond the plain language of the statute to documents from the record to determine the facts upon which a defendant was convicted and thus whether all of the elements of a qualifying crime were established. ³ *Shepard v. United States*, 544 U.S. 13, 20-21 (2005); *Taylor v. United States*, 459 U.S. 575, 602 (1990). In the context of a guilty plea (or, in Kenon's case, a *nolo contendere* plea), those documents, known as *Shepard* documents, include the indictment or information, the transcript of the plea colloquy, the written plea agreement presented to the court, or any "record of comparable findings of fact adopted by the defendant upon entering the plea." 544 U.S. at 20-21, 26. A court can also look to undisputed facts contained in a PSI. *United States v. Ramirez-Flores*, 743 F.3d 816, 820-21,823-24 (11th Cir. 2014); *United States v. Bennett*, 472 F.3d 825, 834 (11th Cir. 2006).

The Court disagrees with Judge Langstaff's suggestion that Kenon bears a burden to establish that his 2005 Leon County conviction was for *purchase* and not for *possession*. (*See* Doc. 339 at 8-9 ("Petitioner 'has alleged no facts to support his allegation that this § 893.135 conviction was for buying but not possessing cocaine.'") (quoting *Rodriguez*, 572 F. App'x at 888).) Rather, the Court reads *Shannon* and *Johnson v. United States* to hold that where the factual basis for the underlying conviction is simply unclear from the *Shepard* documents in the record, a court must assume the "least prohibited act" was committed. *Johnson*, 130 S.Ct. 1265, 169-70 (2010); *Shannon*, 631 F.3d at 1189. Thus, if Kenon establishes that the *Shepard* documents do not indicate which prohibited act listed in Fla. Stat. Ann. § 893.135(b)(1) formed the basis of Kenon's conviction, then the Court must assume his conviction was for purchasing since that is the least prohibited act. The Court notes that *Rodriguez*, which Judge Langstaff cited, is distinguishable because in that case the Florida state court information did not charge "purchasing" at all but only selling, manufacturing, delivery, and possessing cocaine. 472 F App'x at 888. Thus, Rodriguez had the burden of overcoming a *Shepard*

---

² The Court notes that the Supreme Court's opinion in *Descamps* was issued on June 20, 2013, and Kenon was sentenced on July 3, 2013. 133 S.Ct. at 2276. (Doc. 254.)
³ The Court notes that in his objections, Kenon misstates the holding in *Descamps*. (Doc. 342 at 8 ("As is clear, the court is bound to look at the statute when determining whether the underlying conviction qualifies as a predicate offense, not the underlying facts.") (citing *Descamps v. United States*, 133 S.Ct. 2276, 2283 (2013).)

6

document's omission of "purchasing" as a possible basis for an underlying conviction under Fla. Stat. Ann. § 893.135(b)(1).

In this case, the *Shepard* documents include the Leon County information, plea colloquy transcript, and plea and judgment forms in the record, and the PSI from Kenon's federal conviction in the above-styled case. (Docs. 251, 332-1, 337-1.) Notably, there is no written plea agreement for the Florida conviction in the record. (*See* Docket.) The Court does not know whether one was entered in the Leon County record. As Judge Langstaff noted, the information, plea and judgment forms do not reveal the underlying facts of Kenon's 2005 conviction or indicate whether that conviction was for possession or purchase of cocaine. (*See* Docs. 337-1; 339 at 7-8.) The supporting facts stated on the record during the plea colloquy include: the language contained in the information, which was essentially read verbatim by the judge (Doc. 332-1 at 12), the exchange in which the judge asked Kenon, "Do you understand that . . .you had more than 28 grams of cocaine?" and Kenon responded, "Yes." (*Id.* at 15), and the following summary of the evidence as stated by Kenon's attorney:

> Well, I would put on the record that there were over 2500 wire taps done beginning early in 2003. One of the wire taps that was authorized by Judge Hinkle led to an individual who subsequently led to Mr. Kenon . . . [T]hose phone calls were tapped and recorded concerning delivery of narcotics[;] then they used that information to go to where they believed the narcotics were located in a truck owned by Mr. Kenon's girlfriend, or an innocent owner of his family, and found the narcotics there. And then they had the telephone taps verified.

(*Id.* at 18-19.)

Finally, paragraph 39 of the PSI from the above-styled case contained the following summary of the factual predicate for the 2005 conviction:

> Court records reflect the defendant was represented by counsel and entered a plea of *nolo contendere*. According to court records, on December 23, 2003, law enforcement received information from a confidential source that the defendant possessed approximately four ounces of cocaine in his vehicle. The source also identified the defendant as a city employee, and officers located the defendant's vehicle in the parking lot utilized by employees of the local softball complex. A canine unit arrived at the scene, and the dog alerted to the driver's side door of the defendant's vehicle. Officers established contact with

7

> the defendant and asked him to report to his vehicle. Prior to his arrival, officers gained access to the vehicle and discovered approximately 139.4 grams of suspected powder cocaine beneath a floor mat. When the defendant arrived, he denied knowledge of the cocaine. The defendant was released on bond, but on July 5, 2005, he was charged with the new offenses of Aggravated Assault with a Deadly Weapon and Violation of Injunction. As a result, on September 6, 2005, the defendant's bond in this case was revoked, and the disposition reveals he received credit for 104 days served. Thereafter, on August 1, 2009, he was released from custody.

(Doc. 251 at 10.) As the Court has already noted, Kenon did not object to the factual description contained in paragraph 39 except to clarify that Kenon pleaded guilty to the 2005 Leon County offense as well as to the offenses described in paragraphs 41 and 42 at the advice of counsel because the sentences would be served concurrently. (Docs. 249 at 2; 333 at 22.)

First, Kenon argued that, at worst, the *Shepard* documents establish only simple possession and that such an offense is not a "controlled substance offense" under § 4B1.2(b). (Doc. 337 at 8.) However, the Eleventh Circuit has held that because Fla. Stat. Ann. § 893.135(b)(1) infers intent to distribute from possession of a certain amount of cocaine, a conviction under that statute for possession can trigger a federal sentencing enhancement requiring a conviction for "possession with intent to distribute." *See United States v. James*, 430 f.3d 1150, 1155-56 (11th Cir. 2005) (holding that a conviction under Fla. Stat. Ann. § 893.135(b)(1) for possession of between 200 and 400 grams of cocaine implies an intent to distribute under Florida and federal law and qualifies as a "serious drug offense," a definition that is nearly identical to "controlled substance offense," for purposes of applying a sentencing enhancement under the Armed Career Criminal Act). Therefore, the Court concludes that if the *Shepard* documents reveal that Kenon was convicted of possession under Fla. Stat. Ann. § 893.135(b)(1), that conviction qualifies as a "controlled substance offense" under § 4B1.2(b).

Next, Kenon argues that the *Shepard* documents establish that he purchased cocaine but do not establish that he possessed it. Kenon objects to Judge Langstaff's conclusion that "had," as used during Kenon's 2005 plea colloquy, means "possessed." (Doc. 342 at 9.) The

Court finds that the plain meaning of "had," which is the past participle of "have," is "to hold or maintain as a possession . . ." *Definition of Had*, Merriam-Webster.com, http://www.merriam-webster.com/dictionary/had (last visited April 25, 2016); *Definition of Have*, Merriam-Webster.com, http://www.merriam-webster.com/dictionary/have (last visited April 25, 2016). Kenon's argument that "had" did not necessarily mean possessed is unpersuasive. While a person can purchase cocaine without possessing it, as *Shannon* held, a person cannot purchase and *have* cocaine without possessing it because "have" and "possess" are synonymous. The 2005 plea colloquy transcript establishes by Kenon's own admission that he "had" more than twenty-eight grams of cocaine.

Nevertheless, Judge Langstaff did not rely exclusively on Kenon's admission that he "had" more than twenty-grams of cocaine and concluded, relying on the facts summarized in paragraph 39 of the PSI in addition to the plea colloquy transcript and Leon County court documents, that Kenon's 2005 Leon County conviction was for possession with intent to distribute 28 or more grams of cocaine. (Doc. 339 at 7-9.) Even disregarding Kenon's statement during the plea colloquy admitting that he "had" more than twenty-eight grams of cocaine, the PSI's summary of the underlying facts together with the other portions of the plea colloquy, establish that through wire taps conversations, law enforcement officers were led to a vehicle at Kenon's workplace in which they found 139.4 grams of cocaine powder, and Kenon ultimately pleaded *nolo contendere* to the resulting charge. The PSI reads, "law enforcement received information from a confidential source that the defendant *possessed* approximately four ounces of cocaine in his vehicle." (Doc. 251 at 10 (emphasis added).) As the Court has already concluded, the facts contained within the PSR may properly be considered under *Shepard* since Kenon did not object to the factual summary in paragraph 39 and has not asserted in his § 2255 petition that his counsel was ineffective for failing to object to it.

The Court therefore adopts Judge Langstaff's finding that the *Shepard* documents establish that Kenon was convicted under Fla. Stat. Ann. § 893.135(b)(1) of *possessing* more than twenty-eight grams of cocaine rather than *purchaing* cocaine. The conviction therefore was properly counted as a controlled substance offense and the career offender

9

enhancement was properly applied under U.S.S.G. §§ 4B1.1(a), 4B1.2(b). Having so found, the Court further finds that Kenon cannot establish that his counsel's failure to object to the career offender enhancement resulted in actual prejudice, and his claim for ineffective assistance of counsel therefore fails under the second prong of *Strickland*.

### IV.   Conclusion and Certificate of Appealability

For the reasons stated herein, Kenon's objections (Doc. 342) are **OVERRULED**. Upon full review and consideration of the record, the Court finds that Judge Langstaff's March 8, 2016 Recommendation (Doc. 339) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the findings made and reasons stated herein. Stillwell's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct His Sentence (Doc. 300) is **DENIED**.

Judge Langstaff found that Kenon has not made a substantial showing of the denial of a constitutional right and recommended that the undersigned deny Kenon a certificate of appealability. (Doc. 339 at 10 (citing 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)).) Kenon did not specifically object to this portion of the Recommendation. (*See* Doc. 342.) The Court, however, finds that reasonable jurists could disagree as to whether Kenon's counsel was ineffective in failing to object to the career offender enhancement and therefore **GRANTS** Kenon a certificate of appealability as to that issue. *Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d 1253, 1266 (11th Cir. 2004). However, the Court **DENIES** Kenon a certificate of appealability as to the issue of whether the Court erred in relying at sentencing on the facts deemed admitted in the Presentence Investigation Report.

**SO ORDERED**, this 28th day of April, 2016.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**