IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | | |
|---|---|---|---|
| JOHNNIE KENON, | : | | |
| | : | | |
| Petitioner, | : | | |
| | : | | |
| v. | : | Case Nos.: | 1:12-cr-13 (WLS) |
| | : | | 1:15-cv-61 (WLS) |
| UNITED STATES OF AMERICA, | : | | |
| | : | | |
| Respondent. | : | | |
| | : | | |

**ORDER**

On May 20, 2016, Petitioner Johnnie Kenon filed a Motion to Alter or Amend a Final Judgment under Federal Rule of Civil Procedure 59(e). (Doc. 345.) The Government responded on June 15, 2016, and Kenon filed no reply. (Doc. 347; *see* Docket.) The Motion is now ripe for review.

**PROCEDURAL BACKGROUND**

On March 19, 2013, Kenon pleaded guilty pursuant to a plea agreement to one count of conspiracy to possess with intent to distribute cocaine. (Docs. 234, 266.) At sentencing, the Court determined that the career offender provision of the United States Sentencing Guidelines applied to Kenon. U.S.S.G. § 4B1.1(a). Kenon was sentenced to 294 months' imprisonment followed by five years' supervised release. (Docs. 254, 255.) Kenon appealed, and the Eleventh Circuit affirmed his conviction and sentence. (Docs. 291, 294.) On March 20, 2015, Kenon filed a Motion to Vacate, Set Aside, or Correct His Sentence under 28 U.S.C. § 2255. (Doc. 300.) On April 28, 2016, the Court adopted a recommendation from United States Magistrate Judge Thomas Q. Langstaff and denied Kenon's § 2255 Motion. (Doc. 343.) On May 20, 2016, Kenon filed the now-pending Motion to Amend or Alter Judgment. (Doc. 345.)

**DISCUSSION**

**I.      Federal Rule of Civil Procedure 59(e) Standard**

Kenon moves to amend or alter the Court's judgment denying his § 2255 motion. Rule 59(e) provides, "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed.R.Civ.P. 59(e). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (internal quotation and punctuation omitted). A Rule 59(e) motion cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Id.*

**II.     Motion for Reconsideration**

To the extent Kenon's Motion could alternatively be construed as a motion for reconsideration, the standard under which it should be reviewed is similar to that for Rule 59(e) motions to alter or amend. Under the Local Rules of this Court, motions for reconsideration shall not be filed as a matter of routine practice. M.D. Ga. L.R. 7.6. If such motions are deemed "absolutely necessary," the same shall be filed within fourteen (14) days after entry of the order or judgment. *Id.* As the Eleventh Circuit noted in *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 805-86 (11th Cir. 1993), relief granted from motions for reconsideration is within "the sound discretion of the district judge." It is the practice of this Court, in both civil and criminal cases, to grant a motion for reconsideration only when the movant timely demonstrates that either: 1) there has been an intervening change in the law; 2) new and previously unavailable evidence has been discovered through the exercise of due diligence; or 3) the court made a clear error of law. *United States v. Henderson*, 1:13-CR-17 (M.D. Ga. Sept. 6, 2013); *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997). "A motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time." *Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 916 F.Supp. 1557, 1560 (N.D.Ga.1995), aff'd, 87 F.3d 1242 (11th Cir. 1996).

**III.     Analysis**

In support of his motion, Kenon first argues that the Court erred in considering the facts contained within paragraph 39 of the Presentence Investigation Report (PSR) because those facts are "nothing more than reproductions of police reports" and the Supreme Court held in *Shepard* that police reports should not be considered by a court when applying the modified categorical approach. (Doc. 345 at 2.) In its Order denying Kenon's § 2255 motion, the Court held, "The Court did not err in adopting paragraph 39 as factual findings where Kenon did not object to its accuracy." (Doc. 343 at 4 (citing *United States v. Bennett*, 472 F.3d 825, 832 (11th Cir. 2006).) The Court noted repeatedly in its Order denying Kenon's § 2255 Motion that Kenon did not object to paragraph 39 of the PSR and had not asserted that his counsel was ineffective for failing to object to paragraph 39. (*See Id.*) The Court therefore did not have to look to the underlying police records, which Kenon argues would have been erroneous under *Shepard*, because paragraph 39 was undisputed. *United States v .Ramirez-Flores*, 743 F.3d 816, 820-21, 823-24 (11th Cir. 2014); *Bennett*, 472 F.3d at 834.  The Court further finds that Kenon has not pointed to any new evidence, clear error of fact or law, or intervening change in law in support of this argument.

Second, Kenon argues that the Florida statute under which he was convicted, Fla. Stat. Ann. § 893.135(1)(b), is an "indivisible overbroad statute" that lists elements in the conjunctive rather than in the alternative. (Doc. 345 at 3 (citing *Descamps v. United States*, 133 S.Ct. 2276 (2013).) The Court disagrees, having applied the modified categorical approach in accordance with *Descamps* because the statute charges elements *in the alternative*. (Doc. 343 at 5, 7-9.) *See United States v. Antunez-Cornelio*, 619 F.App'x 815, 817 (11th Cir. 2015) (holding that Fla. Stat. Ann. § 893.135(1)(f), the language in which closely tracks § 895.135(1)(b), "is divisible because it sets out one of its elements in the alternative."). The Court finds that it properly applied the modified categorical approach under *Descamps*.[1] The Court further finds

---

[1] The Court further notes that the Supreme Court's recent holding in *Mathis v. United States* is inapplicable to this case because *Mathis* addressed whether to apply the modified categorical approach to statutes that list *means* of committing an element in the alternative; the Court did not change its precedent with regard to statutes listing *elements* in the alternative as Fla. Stat. Ann. § 895.135(1)(b) does. *Mathis*, No. 15-6092, slip op. (June 23, 2016)

that Kenon has not offered any new evidence, intervening change in law, or clear error in fact or law in support of this argument.

Third, the Court infers an argument that it should not have denied Kenon a Certificate of Appealability based on Kenon's assertion that "[i]t is at least debatable among reasonable jurists that *Descamps* has unsettled the law of this [Circuit's] decisions . . . ." (Doc. 345 at 4.) As the Court has already noted, it is well-settled in this Circuit and others that statutes that charge *elements* in the alternative may require courts to use the modified categorical approach. *See Mathis*, No. 15-6092, slip op. at 2-4 (June 23, 2016). The Court does not find that this issue is debatable among reasonable jurists or that Kenon has pointed to any new evidence, clear error of fact or law, or intervening change in law in support of his argument that the Court should have granted him a certificate of appealability.

For those reasons, the Court **DENIES** Kenon's Motion to Alter or Amend Judgment (Doc. 345). The Court again finds that the issues raised in Kenon's underlying habeas petition are not "debatable among jurists of reason." *Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d 1253, 1266 (11th Cir. 2004). The Court further finds that Kenon did not make a substantial showing of the denial of a constitutional right in his Motion to Alter or Amend Judgment, and the Court finds that the issues Kenon could seek to raise on his appeal of the Court's denial of that Motion are not "debatable among jurists of reason." The Court therefore **DENIES** Kenon a certificate of appealability as to his Motion to Alter or Amend Judgment.

**SO ORDERED**, this <u>8th</u> day of July, 2016.

<u>/s/ W. Louis Sands</u>
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**
