**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

UNITED STATES OF AMERICA,      :
                               :
v.                             :
                               :      CASE NO.: 1:12-CR-13 (WLS-ALS)
JOHNNIE KENON,                 :
                               :
          Defendant.           :
_____:

## <u>ORDER</u>

Before the Court are numerous pending motions filed by Defendant Johnnie Kenon, which include: "Motion for Relief from April 28, 2016 Order Denying 28 U.S.C. § 2255 Motion to Vacate" (Doc. 391); Motion for Compassionate Release (Doc. 445); Motion for Supplemental Brief to 2016 Order Denying § 2255 Motion to Vacate, Pursuant to Rule 60(b)(6) (Doc. 447); Motion for Reduction of Sentence (Doc. 450); Motion to Amend Habeas Petition Under Fed. R. Civ. P. 15(c)(2) (Doc. 451); Motion to Withdraw Pending Motions (Doc. 458); Motion to Appoint Counsel (Doc. 459); and a second Motion for Compassionate Release (Doc. 460).

At the outset, Court addresses the Motion to Withdraw Pending Motions (Doc. 458), wherein Kenon moves to withdraw the "Motion for Relief from April 28, 2016 Order Denying 28 U.S.C. § 2255 Motion to Vacate" (Doc. 391), Motion for Compassionate Release (Doc. 445), and Motion for Reduction of Sentence (Doc. 450). For good cause shown, the Motion to Withdraw (Doc. 458) is **GRANTED**. Accordingly, the Clerk is **DIRECTED** to terminate the Motion for Relief from Judgment (Doc. 391), Motion for Compassionate Release (Doc. 445), and Motion for Reduction of Sentence (Doc. 450). The Court proceeds to the remaining pending motions. For the reasons stated below, the Motions are **DENIED.**

## I.  <u>RELEVANT BACKGROUND</u>

Kenon pleaded guilty to one count of conspiracy to possess with intent to distribute more than five kilograms of cocaine on March 19, 2013. (Docs. 234 & 235). Prior to sentencing, the United States Probation Office (USPO) prepared a Presentence Investigation

1

Report (PSR) (Doc. 251), which designated Kenon as a career offender under U.S.S.G. § 4B1.1(b). The designation was based on Kenon's prior convictions for (1) trafficking in cocaine, and (2) aggravated assault with a firearm, aggravated assault with a deadly weapon, and violation of injunction, all in violation of Florida law. (Doc. 251 ¶ 30). As a result of the career offender enhancement, Kenon's offense level was calculated at 37, and after receiving a three-point reduction for acceptance of responsibility, Kenon's total offense level was 34. (*Id.* ¶¶ 30–33). Based on a total offense level of 34 and criminal history category of VI (the mandatory criminal history category for career offenders under U.S.S.G. § 4B1.1(b)), Kenon's sentencing guideline range was 262 to 327 months' imprisonment. (*Id.* ¶ 62).

At sentencing, Defense Counsel objected to the PSR but did not specifically challenge USPO's determination of the Florida drug trafficking conviction as a "controlled substance offense" for purposes of the career offender designation. (*See* Doc. 251-1). Kenon was ultimately sentenced to 294 months' imprisonment on June 27, 2013. (Docs. 252 & 254).

What followed is Kenon's decade-long effort to challenge his career offender designation. On March 20, 2015, after his sentence was affirmed on appeal (*see* Doc. 291), Kenon filed a 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct His Sentence (Doc. 300) ("§ 2255 Motion"), arguing in part, that his Counsel provided ineffective assistance by not challenging the use of the drug trafficking conviction as a predicate for the career offender enhancement. On December 4, 2015, now-retired United States Magistrate Judge Thomas Q. Langstaff held an evidentiary hearing on the § 2255 Motion and entered a Report and Recommendation (Doc. 339), which found that the conviction did in fact satisfy the definition of "controlled substance offense" to qualify as a predicate offense for purposes of the career offender enhancement. Therefore, Judge Langstaff concluded that Kenon failed to demonstrate that his trial Counsel rendered ineffective assistance and recommended the denial of the § 2255 Motion. (Doc. 339 at 9). The Court adopted Judge Langstaff's Recommendation. (Doc. 343). But in doing so, the Court granted Kenon a certificate of appealability as to the ineffective assistance issue. (*Id.*) Kenon appealed the denial of his § 2255 Motion as to that issue. (Doc. 354). In 2018, the Eleventh Circuit affirmed the denial of Kenon's § 2255 motion,

holding that "[c]ounsel did not err by failing to object to Kenon's career offender designation, as the designation was proper[.]" (Doc. 385 at 7).

On July 12, 2018, Kenon filed a "Motion for Relief from the Court's Order Denying § 2255 Motion to Vacate, Pursuant to Rule 60(b)(6)" (Doc. 391) ("Rule 60 Motion"). In the motion, he alleged two grounds for relief: (1) the Court "misunderstood and misapplied" the Supreme Court's decision in *Descamps v. United States*, 570 U.S. 254 (2013) in denying his § 2255 motion, and (2) the Court failed to "acknowledge, entertain and/or rule" on his claim that the Florida drug trafficking statute is "overbroad and indivisible" so his conviction under it cannot properly be a career offender predicate offense. (Doc. 391 at 5–9). As noted above, this motion has been withdrawn. However, many of the remaining pending motions relate directly to that motion.

## II.    MOTION FOR SUPPLEMENTAL BRIEF (DOC. 447)

On September 12, 2022, Kenon filed the instant Motion for Supplemental Brief (Doc. 447). The Government filed a Response (Doc. 449), and Kenon filed a Reply (Doc. 452). The Motion is, in essence, a request to supplement the now-withdrawn Rule 60 Motion (Doc. 391). This conclusion is confirmed by Kenon's contention in another subsequently filed motion where he states that the instant Motion for Supplemental Brief is "actually a Motion to Amend the Original, timely, and still pending Rule 60(b)(1) Motion." (Doc. 451 at 1). Because the motion he seeks to supplement has been withdrawn, the Motion for Supplemental Brief is due to be denied as moot. Nonetheless, the Court considers the arguments raised in the Motion and concludes that it is still subject to denial for the reasons discussed below.

At the outset, the Court construes the Motion as one brought under Rule 60(b) because it relates to and seeks to supplement his original Rule 60 Motion. Kenon makes two arguments in the Motion. First, he again argues that the use of a modified categorical approach to his prior Florida conviction was erroneous because the Florida statute under which he was convicted, Fla. Stat. § 893.135, is indivisible. (Doc. 447 at 2–3). Second, Kenon makes a new claim attacking his career offender designation on the grounds that his Florida aggravated assault conviction may no longer serve as a career offender predicate due to the United States

Supreme Court's holding in *Borden v. United States*, 593 U.S. 420 (2021). (*Id.* at 4–7). Based on that decision, he argues that the aggravated assault conviction no longer qualifies as a crime of violence because the offense may be committed with a *mens rea* of recklessness. (*Id.*)

"Federal Rule of Civil Procedure 60 provides a basis, but only a limited basis, for a party to seek relief from a final judgment in a habeas case." *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007) (citing Fed. R. Civ. P. 60). The Federal Rules of Civil Procedure apply to habeas proceedings "to the extent that they are 'not inconsistent with applicable federal statutory provisions,' and the Antiterrorism and Effective Death Penalty Act does not explicitly limit the operation of Rule 60(b)." *Id.* (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005)). "The Act does . . . foreclose application of that rule where it would be inconsistent with the restrictions imposed on successive petitions by the AEDPA." *Id.* (citing *Gonzalez*, 545 U.S. at 529–30). Therefore, a Rule 60(b) motion is treated as a second or successive habeas petition if it: (1) "seeks to add a new ground of relief;" or (2) "attacks the federal court's previous resolution of a claim on the merits." *Gonzalez*, 545 U.S. at 532. Here, Kenon's arguments do both: the first argument related to his drug trafficking conviction attacks the Court's resolution of his original § 2255 Motion on the merits, and the second argument regarding his aggravated assault conviction seeks to add a new ground of relief.

Because Kenon's Motion, construed as a Rule 60(b) motion, qualifies as a second or successive habeas petition as defined in *Gonzalez*, it must comply with the requirements for such petitions under the AEDPA. *Williams*, 510 F.3d at 1294. There are three basic requirements for successive habeas petitions: (1) "any claim that has already been adjudicated in a previous petition must be dismissed[,]" *Gonzalez*, 545 U.S. at 529–30; (2) "any new claim that was not already adjudicated must be dismissed unless it relies on 'a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence[,]'" *Williams*, 510 F.3d at 1294 (quoting *Gonzalez*, 545 U.S. at 530); and (3) the court of appeals must determine that the successive petition presents a claim not previously raised that is sufficient to meet the new-rule or actual innocence provisions of § 2244 before the district court can accept the petition. *Id.*; *see Gonzalez*, 545 U.S. at 530.

4

Here, Kenon's claim regarding his drug trafficking conviction was, as discussed above, adjudicated in his original § 2255 Motion, and is therefore subject to dismissal on that basis. And his second claim, that the *Borden* holding precludes his aggravated assault conviction from qualifying as a career offender predicate, has not been authorized by the Eleventh Circuit. *See* § 2255(h)(1) ("A second or successive motion must be certified as provided in [§] 2244 by a panel of the appropriate court of appeals to contain . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."). Without such permission from the Eleventh Circuit, a district court lacks subject-matter jurisdiction to consider a second or successive § 2255 motion. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). A review of the Docket and the Eleventh Circuit's Order (Doc. 385) shows that Kenon did not receive authorization to file a second or successive motion. In the absence of such permission, this Court lacks jurisdiction to consider such second or successive motion. 25 U.S.C. § 2255(h). Therefore, Kenon's Motion for Supplemental Brief (Doc. 447) is **DENIED**.

## III.    <u>MOTION TO AMEND HABEAS PETITION (DOC. 451)</u>

On October 21, 2022, Kenon filed a "Motion to Amend Habeas Petition Under Fed. R. Civ. P. 15(c)(2)" (Doc. 451). Based on the Court's review of the Motion to Amend, it appears Kenon is not requesting permission to amend his original § 2255 Motion, but rather to amend his Rule 60 Motion to add his claim regarding *Borden* and the aggravated assault conviction. Specifically, Kenon argues that his *Borden* claim relates back to the filing of his Rule 60 Motion, pursuant to Federal Rule of Civil Procedure 15(c)(2), or in the alternative, the *Borden* decision constitutes a substantive change in the law, thus making the claim available to him at the present. (Doc. 451 at 2). The Court construes the Motion as a request to amend the Rule 60 Motion, which as noted above, has been withdrawn. Therefore, the Motion to Amend, like the Motion for Supplemental Brief, is due to be denied as moot.

Even if the Court were to construe the Motion to Amend as a request to amend Kenon's original § 2255 Motion, the Motion would still be subject to denial for two reasons. First, as noted above, Kenon's § 2255 Motion was denied on the merits, and Kenon has not obtained permission from the Eleventh Circuit for a second or successive motion. (*See*

Doc. 343). Second, the Motion is untimely by several years. "[A] motion under § 2255 can only be amended under Rule 15 before judgment is issued; Rule 15 has no post-judgment application." *United States v. Hames*, 431 F. App'x 846, 847 (11th Cir. 2011) (citing *Jacobs v. Tempur–Pedic Int'l, Inc.*, 626 F.3d 1327, 1344–45 (11th Cir. 2010)). The Court entered judgment on Kenon's original § 2255 Motion on April 28, 2016, and the Eleventh Circuit affirmed the Court's Order on February 5, 2018, years before he sought to add the additional claim in his Motion to Amend. (*See* Docs. 343, 344, & 385). Thus, Kenon cannot use Rule 15 as a means to amend his original § 2255 Motion. Therefore, Kenon's Motion to Amend (Doc. 451) is **DENIED**.

The Court offers a final note on Kenon's *Borden* argument articulated in his Motion for Supplemental Brief and reiterated in his Motion to Amend. Without deciding the underlying merits of the argument, the Court notes that the Eleventh Circuit decision in *Somers v. United States* recognized that aggravated assault under Florida law requires more than a *mens rea* of recklessness, or in other words, it cannot be committed recklessly, so it qualifies as a violent felony under the elements clause of the Armed Career Criminal Act. 66 F.4th 890, 894 (11th Cir. 2023). The Eleventh Circuit then applied the holding in *Somers* to the definition of a crime of violence in the career offender context. *United States v. Ratliff*, No. 24-10752, 2024 WL 4371658, at *4 (11th Cir. Oct. 2, 2024) ("Because the elements clause in the ACCA's definition of violent felony is virtually identical to the elements clause in the definition of a crime of violence in the Guidelines, Florida aggravated assault remains a crime of violence under the career offender guideline."). Thus, even if the Court were to reach the merits of the argument, it would be foreclosed by Eleventh Circuit precedent.

## IV.    **MOTION TO APPOINT COUNSEL (DOC. 459)**

On November 14, 2024, Kenon filed a Motion to Appoint Counsel (Doc. 459). Therein, Kenon moves the Court to appoint counsel to assist him in filing a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

There is no constitutional or statutory right to appointed counsel for a motion to modify a term of imprisonment under 18 U.S.C. § 3582. *See United States v. Webb*, 565 F.3d 789, 795 (11th Cir. 2009). And "pro se status alone . . . does not establish that appointment of

6

counsel is necessary." *United States v. Rolon*, No. 22-10970, 2022 WL 16959204 (11th Cir. Nov. 16, 2022). Rather, appointment of counsel is justified in cases involving "exceptional circumstances, such as the presence of facts and legal issues so novel or complex as to require the assistance of a trained practitioner." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993).

Kenon claims he needs an attorney because he is indigent, has no formal legal training, and requires assistance in obtaining his PSR. These are not the kind of facts or legal issues so novel or complex to warrant the appointment of counsel. Therefore, the Court finds that appointment of counsel is not necessary. Kenon's Motion to Appoint Counsel (Doc. 459) is therefore **DENIED**.

## V.   **MOTION FOR COMPASSIONATE RELEASE (DOC. 460)**

On November 14, 2024, Kenon also filed his Motion for Compassionate Release (Doc. 460). Kenon moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Generally, the Court may not modify a term of imprisonment. *United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005). Even so, the Court may reduce a sentence if it finds "extraordinary and compelling reasons" to do so. § 3582(c)(1)(A)(i). This requires the defendant to satisfy one of the Sentencing Guidelines' enumerated grounds for compassionate release. *United States v. Bryant*, 996 F.3d 1243, 1263–64 (11th Cir. 2021) (citing U.S.S.G. § 1B1.13(b)), *superseded in part on other grounds by* U.S.S.G. § 1B1.13 (2023). Extraordinary and compelling reasons can exist under (1) the medical circumstance of the defendant, (2) the age of the defendant, (3) family circumstances of the defendant, (4) the defendant is a victim of abuse, (5) other similar reasons, and (6) an unusually long sentence. § 1B1.13(b).

The Court construes Kenon as asserting two grounds for compassionate release: (1) unusually long sentence, and (2) other reasons. After addressing Kenon's arguments, the Court isn't persuaded that compassionate release is appropriate in this case.

### A.  Unusually Long Sentence

Section 1B1.13(b)(6)—a recent addition—permits a sentence reduction if a subsequent change in the law, not made strictly retroactive, would produce a gross disparity between the sentence a defendant is serving and the sentence a court would likely impose today. U.S.S.G.

§ 1B1.13(b)(6) (Nov. 1, 2023) (amending U.S.S.G. § 1B1.13(b)(6) (2021)).[1] Kenon argues that an unusually long sentence justifies a reduced sentence. (Doc. 460 at 7–11).

To be sure, Kenon's 294-month sentence is long. Perhaps unusually so. But he hasn't identified any subsequent change in the law that creates a disparity between the sentence the Court would impose now and the one he is currently serving.

Kenon contends that due to intervening changes in the law, he would not be designated a career offender if he were sentenced today. (Doc. 460 at 2, 12). Kenon points to the Supreme Court's holdings in *Descamps v. United States*, 570 U.S. 254 (2013) and *Mathis v. United States*, 579 U.S. 500 (2016) and the Eleventh Circuit's holding in *Cintron v. U.S. Att'y Gen.*, 882 F.3d 1380 (11th Cir. 2018), which purportedly render his Florida drug trafficking conviction invalid for purposes of the career offender designation. (*Id.*) Kenon's argument, however, is foreclosed by the Supreme Court of Florida's decision in *Conage v. United States*, 346 So. 3d 594 (Fla. 2022), as explained by the Eleventh Circuit in *United States v. Rowe*:

> According to *Conage II*, a cocaine trafficking conviction under Florida law requires proof of possession with the intent to distribute . . . . With the state law question answered, the only matter left for us to decide is whether the state offense is a "controlled substance offense" under the career offender guidelines. U.S.S.G. § 4B1.2(b). Both the plain language of the guidelines and our analogous precedents reveal that it is.

143 F.4th 1318, 1329 (11th Cir. 2025) (citing *Conage*, 346 So. 3d at 599–600).[2] Therefore, if Kenon were sentenced today, his Florida drug trafficking conviction would qualify as a controlled substance offense, and as discussed previously, his aggravated assault conviction would qualify as a crime of violence. Therefore, he would be eligible for the career offender

---

[1] The Government argues that § 1B1.13(b)(6) is invalid because it exceeds the Sentencing Commission's authority. (Doc. 462 at 8–11). Whatever the merits of that argument—if any—the Court need not reach it, because Kenon fails to satisfy § 1B1.13(b)(6)'s requirements.

[2] The Sentencing Guidelines contemplate a gross disparity between the sentence being served and "the sentence likely to be imposed *at the time the motion is filed*[.]" U.S.S.G. § 1.B1.13(b)(6) (emphasis added). Kenon's Motion was filed in November of 2024, before the Eleventh Circuit's decision in *Rowe*. However, *Conage II*, which provides the state law basis for *Rowe*'s holding was decided in 2022. Therefore, the Court would have relied on *Conage II*'s interpretation of the drug trafficking statute in determining whether Kenon would be sentenced as a career offender today even without the benefit of *Rowe*. *See Rowe*, 143 F.4th at 1329 ("The Florida Supreme Court wields ultimate authority over interpretations of Florida law.").

enhancement. And if Kenon were sentenced today, his career offender offense level would still be 37, and his guideline range would still be 262 to 327 months.

Kenon also contends that his sentence would be lower due to changes in the Sentencing Guidelines drug table. (Doc. 460 at 9). But as the Government notes in its Response, Kenon's offense level is not controlled by application of the drug table at U.S.S.G. § 2D1.1 because Kenon was designated as a career offender. Instead, his offense level was determined by the table at U.S.S.G. § 4B1.1. (Doc. 462 at 12). Under that section, Kenon's offense level was 37 because the statutory maximum term of imprisonment for the offense was life imprisonment. *See* U.S.S.G. § 4B1.1(b); 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(A)(ii). The same would be true if Kenon were sentenced today. Therefore, without identifying a legal change that would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time his motion was filed, Kenon cannot show his sentence was unusually long under § 1B1.13(b)(6).

### B. Other Reasons

Kenon may be eligible for a sentence reduction if he "presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the [specific § 1B1.13(b) circumstances], are similar in gravity to those [circumstances]." § 1B1.13(b)(5). Kenon offers his rehabilitation as an additional circumstance he contends justifies a reduction. (Doc. 460 at 7). But Kenon's rehabilitation alone cannot justify compassionate release. The Guidelines are clear: "rehabilitation . . . , by itself, [is not] an extraordinary and compelling reason" for compassionate release. U.S.S.G. § 1B1.13(d). So Kenon's rehabilitative efforts, while commendable, cannot alone justify a sentence reduction. (*See* Doc. 460-2 at 2–7). Thus, the Court is unpersuaded that the other circumstances Kenon identifies qualify as an additional circumstance that justifies compassionate release under § 1B1.13(b)(5).

Having rejected his arguments, and after careful and complete review of the Motion and the record, the applicable factors at 18 U.S.C. § 3553(a), and the policy statements at U.S.S.G. § 1B1.13, the Court doesn't conclude that extraordinary and compelling reasons

warrant a sentence reduction for Kenon. As such, his Motion for Compassionate Release (Doc. 460) is **DENIED**.

## CONCLUSION

In sum, Kenon's Motion to Withdraw Pending Motions (Doc. 458) is **GRANTED**. The Clerk of Court is **DIRECTED** to terminate Kenon's pending Motion for Relief from Judgment (Doc. 391), Motion for Compassionate Release (Doc. 445), and Motion for Reduction of Sentence (Doc. 450).

Further, Kenon's Motion for Supplemental Brief (Doc. 447), Motion to Amend (Doc. 451), Motion for Appoint Counsel (Doc. 459), and Motion for Compassionate Release (Doc. 460) are **DENIED**.

**SO ORDERED**, this 16th day of July 2026.

**/s/ W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**